UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William T. Young,<br><br>              Petitioner,<br><br>vs.<br><br>Laurens County Jail; and<br>Henry McMaster, Attorney General for South Carolina,<br><br>              Respondents. | ) C/A No. 0:05-1466-CMC-BM<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The petitioner, William T. Young (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is being held under a state court conviction at the Laurens County Jail, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147



(4th 1978).  Even under this less stringent standard, however, this *pro se* Petition is still subject to summary dismissal for failure of the Petitioner to exhaust his state court remedies.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).

## Background

The petition states that Petitioner was found to be in contempt of court in Family Court for failure to pay child support on March 31, 2004, and was sentenced to six months in jail.[1] Subsequently, on May 27, 2004, Petitioner pled guilty to a separate criminal charge and was sentenced to three years, suspended to two, with three years probation. Petitioner claims that his sentences should be run concurrently, not consecutively, and that the "(staff) at Laurens County Jail fail to give credit + whereas compute his sentence(s) correctly." Petition at 6. Petitioner has pursued no action in the state court in an attempt to address his sentencing issue.  Petitioner states that he did not exhaust his state court remedies "because if I had file a (PCR) by the time the court heard my case I would be finish serving the time and this alone is special ( ) since it would make (both) (sentence) illegal and (wrongdoing) because this would violate due process of law again." Petition at 6.

## Discussion

Petitioner's petition writ of habeas corpus should be dismissed because he has not exhausted his state remedies.  With respect to his conviction and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of

---

[1] It is not clear if Petitioner was imprisoned for civil or criminal contempt.



habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241).  The petitioner has not filed an application for post conviction relief on the issue raised as grounds for his § 2254 petition,[2] and as a result this issue has not been considered and addressed by the courts of the State of South Carolina.

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State."  The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).  The United States Court of Appeals for the Fourth Circuit, in Matthews v. Evatt, 105 F3d. 907 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts," and that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.

---

[2]The undersigned has treated this as a Petition under § 2254, rather than § 2241, because Petitioner appears to actually be attacking his sentence itself, rather than the execution of his sentence.



The burden of proving that a claim has been exhausted lies with the petitioner." Id. at 910-11(citations omitted).[3]

Petitioner has not sought or received a decision from the state's highest court, and thus has not exhausted state court remedies. Petitioner's contention that he would be released from prison under his two year sentence before a post-conviction hearing could be heard does not excuse Petitioner from attempting to present his habeas issue to the state courts.

### Recommendation

Accordingly, it is recommended that this petition for a writ of habeas corpus be dismissed *without prejudice* and without issuance and service of process upon the respondents. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); and Toney v Gammon, 79 F3d. 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from



---

[3] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. See Coleman v. Thompson, 501 US 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750.

review or without merit).  *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

The petitioner's attention is directed to the important notice on the following page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

July 1, 2005
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:



**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**